IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles Riley, | ) | C/A No.: 3:15-2331-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Fidelity Information Services, FNF; | ) | |
| Lender Processing Services, Inc.; Lps | ) | |
| Default Solutions Inc., Docx; Fidelity | ) | |
| Southern Corporations; Carrington | ) | |
| Mortgage Loan Trust/ Series 2007-HE1- | ) | |
| Asset Backed Passed-Through | ) | REPORT AND RECOMMENDATION |
| Certificates/ Stanwich Asset Acceptance | ) | |
| Company, LLC; Deutsche Bank | ) | |
| National Trust Company; Fleming and | ) | |
| Whitt Default Law Firm; Nationwide | ) | |
| Insurance; Safeco Insurance Corporation | ) | |
| of America; Martha Fleming; Honorable | ) | |
| David R. Duncan; Joy S. Goodwin; | ) | |
| Ryan W. Hovis; Bruce Rose; Toyota | ) | |
| Motor Credit Corporations; and Eddye | ) | |
| Lane, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Charles Riley ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against the following individuals and entities: Fidelity Information Services, FNF; Lender Processing Services, Inc.; Lps Default Solutions Inc., Docx; Fidelity Southern Corporations; Carrington Mortgage Loan Trust/Series 2007-HE1-Asset Backed Passed-Through Certificates/Stanwich Asset Acceptance Company, LLC; Deutsche Bank National Trust Company; Fleming and Whitt Default Law Firm; Nationwide Insurance; Safeco Insurance Corporation of America; Martha Fleming; the Honorable David R.

Duncan; Joy S. Goodwin; Ryan W. Hovis; Bruce Rose; Toyota Motor Credit Corporations; and Eddye Lane (collectively "Defendants"). Plaintiff alleges that Defendants violated federal criminal and civil statutes and South Carolina state law.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff's 161-page complaint alleges some 25 causes of action and over 300 paragraphs of factual allegations, legal citations, and conclusory statements of legal violations. Plaintiff attaches over 400 pages of exhibits to the complaint. Plaintiff alleges he executed and delivered a promissory note and mortgage to New Century Mortgage Corporation on December 23, 2004, secured by real estate located in Columbia, South Carolina. [ECF No. 1 at 24, 47]. Plaintiff contends he received a letter on June 29, 2007, from Carrington Mortgage Services ("Carrington") stating it was his new mortgage company, which purchased a "force-place insurance policy" from Safeco Insurance Company of America ("Safeco") "that protected the lender in case something happened to the property." *Id.* at 50. Plaintiff alleges the Safeco coverage began on July 17, 2007, and was scheduled to expire on July 17, 2008. *Id.* at 51. Plaintiff alleges he purchased a homeowner's insurance policy from Nationwide Insurance Company ("Nationwide") on July 23, 2007. *Id.* at 50–51.

Plaintiff claims that on August 1, 2007, his house was "gutted by fire with all content being destroyed." *Id.* at 51. Plaintiff states he notified Safeco of the fire and initiated a claim. *Id.* at 51. Plaintiff alleges Safeco notified him on September 11, 2007, that the force-place insurance policy had been cancelled effective August 9, 2007. *Id.* at 51. Plaintiff claims he received a second letter from Safeco dated September 19, 2007, purporting to cancel the force-place policy effective July 23, 2007, at Carrington's request. *Id.* at 51. Plaintiff alleges Safeco denied his claim because Plaintiff had valid insurance coverage under the Nationwide policy. *Id.* at 52.

On September 11, 2007, Nationwide issued a check for the fire loss in the amount of $289,000 jointly payable to Plaintiff and Carrington. *See Carrington Mortgage Services v. Riley,* Adv. Pro. No. 11-80115-dd, ECF No. 48 at 7 (Bankr. D.S.C. Jan. 4, 2013). Plaintiff alleges Carrington filed a foreclosure action against him in state court on November 16, 2007, and states the foreclosure action was stayed due to Plaintiff's subsequent bankruptcy filing. [ECF No. 1 at 47, 53]. Plaintiff alleges he filed a state court action for declaratory relief against Safeco and Nationwide on February 4, 2009, "over [the] insurance policies covering fire damage to his . . . home." *Id.* at 52–53. Plaintiff states Safeco and Nationwide were granted summary judgment on March 27, 2009. *Id.* at 53.[1]

Plaintiff filed a chapter 13 bankruptcy petition on June 29, 2009. *In Re: Charles E. Riley*, No. 09-4740-dd, ECF No. 1 (Bankr. D.S.C. Jun. 29, 2009). On the motion of the

---

[1] Plaintiff alleges he filed a motion for reconsideration that was stayed due to his bankruptcy filing. *Id.* at 53.

3

bankruptcy trustee ("Trustee"), Plaintiff's chapter 13 case was converted to a chapter 7 case on December 14, 2009. *Id.*, ECF No. 61. After Plaintiff's case was converted, the Trustee commenced an adversary proceeding against Plaintiff on January 28, 2010, seeking to deny Plaintiff's discharge based on misrepresentations made in his schedules and statements. *Id.,* ECF No. 85. The Bankruptcy Court issued an order on March 17, 2010, denying Plaintiff's discharge. *Id.*, ECF No. 95. On July 13, 2011, Carrington filed an adversary proceeding against Plaintiff in Bankruptcy Court seeking ownership of the insurance proceeds Plaintiff received from the house fire. Adv. Pro. No. 11-80115-dd, ECF No. 1. Plaintiff states the Bankruptcy Court denied his request to dismiss Carrington's adversary proceeding, and claims that his motion was denied. [ECF No. 1 at 53]. On September 25, 2012, the Bankruptcy Court entered a final judgment on Carrington's complaint, directing the Trustee to administer the insurance funds for the benefit of Plaintiff's creditors. Adv. Pro. No. 11-80115-dd, ECF No. 48 at 20. Plaintiff alleges the Bankruptcy Court denied his motion to vacate the judgment in May 2013. [ECF No. 1 at 53].

Plaintiff now argues:

> The Defendants have committed a fraud upon this court in regards to the ELEVENTH Judicial Circuit Court in Lexington County, SC and in regards to United States Bankruptcy Court for the District of South Carolina C/A No. 09-4740-DD, Adv.No.: Ap.11-80115-dd, which has only Became apparent to the Plaintiff within the last day, upon discovery that the Pretender "Lender" Bank and others have engaged in a pattern of fraud and deception across the country and the State of South Carolina in attempting to foreclosure and steal residential property and the Insurance AFTER it has already been paid in Full PLUS a fee for standing in as an undisclosed Lender, Concealment of the alleged fraud.

*Id.* at 47–48. Plaintiff alleges that his bankruptcy attorney Eddye L. Lane "turned blind eyed to the Discovery from Fleming & Whitt default Law Firm that is on Record a CD from Fleming & Whitt that came from Fidelity." *Id.* at 48. Plaintiff contends Carrington did not disclose that the loan had been paid in full before the fire on August 1, 2007, and "[d]id not disclose that the true holder in due Course and the parties in possession of endorsement or the note itself have long since been Owners of these mortgage documents, and in fact mislead the borrowers and the Court to believe the contrary." *Id.* at 49. Plaintiff states that "by granting 'Lender' the right to foreclose the court was essentially giving the 'Pretender Lender' the Insurance Money AND the property." *Id.* Plaintiff seeks monetary damages and injunctive relief. *Id.* at 150–53.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Plaintiff filed this complaint alleging claims pursuant to 42 U.S.C. §§ 1983 and 1985, § 10(B) of the Securities Exchange Act (15 U.S.C. § 78J(B)), 18 U.S.C. §§ 152(4), 1343, 1956, 1957, 2314, civil claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1961), 31 U.S.C. § 3729(a)(1)(A)3 and (a)(1)(B), (a)(1)(C), and South Carolina state law. Because Plaintiff's complaint is replete with legalese and conclusions of law, it is difficult to discern the underlying facts upon which he bases his claims.

1. No jurisdiction to review to state and bankruptcy court judgments

To the extent Plaintiff seeks to appeal the 2010 and 2012 Bankruptcy Court judgments, his appeals come too late. Final orders of the bankruptcy court are appealable to the district court, but "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." 28 U.S.C. § 158(a)(1); Fed. R. Bankr. P. Rule 8002(a).

To the extent Plaintiff seeks to appeal state court judgments, the court does not have jurisdiction to review final state court orders. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Moreover, Plaintiff may not circumvent the appeals process by filing a new action seeking the same relief he could have sought on appeal. A party is not permitted to relitigate claims that were, or could have been, raised in an earlier proceeding. *Ohio Valley Envtl. Coalition v. Aracoma Coal Co.*, 556 F.3d 177, 201 (4th Cir. 2009) (noting that a party may not file a claim that "has already been litigated to a final judgment by that party . . . and precludes the assertion . . . of any legal theory, cause of action, or defense which could have been asserted in that action"); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (affirming district court's dismissal on frivolity grounds of claim that was decided adversely in previous action).

2. Judicial immunity

Plaintiff sues Bankruptcy Court Judge David R. Duncan for judicial actions taken in the bankruptcy proceedings. [ECF No. 1 at 108–13]. It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has

7

long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Further, judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). Because Judge Duncan is entitled to absolute immunity, he should be summarily dismissed from the instant case.

        3.      No private cause of action (18 U.S.C. §§ 152(4), 1343, 1956, 1957, 2314)

Plaintiff brings claims against Defendants for their purported violations of the federal criminal code. A private citizen cannot compel the enforcement of criminal law, as "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles,* 476 U.S. 54, 64–65, (1986). As such, Plaintiff's claims for violations of 18 U.S.C. §§ 152(4), 1343, 1956, 1957, and 2314 do not give rise to an independent, private cause of action. *See Clayton v. Raleigh Federal Sav. Bank*, 107 F.3d 865 (4th Cir. 1997) (holding that there is no private cause of action under 18 U.S.C. § 152(4), a criminal statute dealing with the filing of a false proof of claim in bankruptcy court); *Jones v. Luthi*, 586 F. Supp. 2d. 595, 602 (D.S.C. 2008) (finding that no private right of action exists under 18 U.S.C. § 1343, the federal wire fraud statute); *Simmons v. Simmons*, No. 2:09-2951-PMD, 2008 WL 4663157, *2 (D.S.C.

Oct. 17, 2008) (explaining that the federal money laundering statute, 18 U.S.C. § 1956, contains no private right of action); *Kissi v. U.S. Dept. of Justice*, 444 F. App'x 457 (C.A.D.C. 2011) (finding that 18 U.S.C. § 1957 is a criminal statute and does not provide a private cause of action); *Crawford v. Adair*, No. 3:08CV281, 2008 WL 2952488, *2 (E.D. Va. Jul. 29, 2008) (finding that plaintiff does not have standing to bring an action under 18 U.S.C. § 2314 because § 2314 is a criminal statute and does not provide a private cause of action). Accordingly, these claims should be summarily dismissed.

    4.      Claims pursuant to 42 U.S.C. §§ 1983 and 1985

Plaintiff's complaint also asserts claims pursuant to 42 U.S.C. §§ 1983 and 1985. Section 1983 applies only to wrongful actions while acting under the authority of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971); *see also Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985). Plaintiff's complaint fails to set forth any factual allegations that any Defendant is a state actor, and purely private conduct is not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982). Additionally, Plaintiff provides no concrete facts in support of his § 1985 claim to demonstrate that Defendants came to a mutual understanding or acted jointly in concert to deprive him of any constitutional right, or that Defendants acted with a discriminatory motive. Accordingly, Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 should be summarily dismissed.

      5.      Violation of § 10(B) of the Securities Exchange Act (15 U.S.C. § 78J(B)

Section 10(b) creates a private right of action for purchasers or sellers of securities who have been injured by the statute's violation. *See, e.g., Superintendent of Ins. of State of N.Y. v. Bankers Life & Cas. Co.*, 404 U.S. 6, 13, n.9 (1971). Under Section 10(b), it is unlawful "[t]o use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe . . . " 15 U.S.C. § 78j(b). Plaintiff's complaint does not allege that he was a purchaser or seller of securities. Accordingly, Plaintiff fails to state a claim under 15 U.S.C. § 78J(B) and this claim should be dismissed.

      6.      Claim pursuant to False Claims Act (31 U.S.C. § 3729)

The False Claims Act ("FCA") establishes a scheme that permits either the Attorney General or a private party to initiate a civil action alleging fraud on the Government. *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 932 (2009). It is well settled that an action under the FCA may not be brought by a pro se litigant. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93–94 (2d Cir. 2008); *Timson v. Sampson*, 518 F.3d 870, 873–74 (11th Cir. 2008); *see also United States ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007). Accordingly, Plaintiff's FCA claims should be dismissed.

      7.      Civil RICO Action

RICO authorizes civil suits by any person injured in his business or property by reason of a violation of 18 U.S.C. § 1962. *D'Addario v. Geller*, 264 F. Supp. 2d 367, 388

(E.D. Va. 2003). To establish a RICO claim, Plaintiff must allege (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *See Sedima, S.P.R.L. v. Imrex*, Co., 473 U.S. 479, 496–497 (1985)). Plaintiff must identify and prove a pattern of racketeering activity, defined as two predicate acts of racketeering activity within a ten year period. 18 U.S.C. § 1961(5)). "Racketeering activity" includes any act which is indictable under a long list of criminal offenses provided in the RICO Act. 18 U.S.C. § 1961(1). Plaintiff alleges Defendants filed a lawsuit against him in an attempt to seize his assets and states that this misconduct "played a role in the September 25, 2012, Final Bankruptcy judgement." [ECF No. 1 at 138–39]. Plaintiff further argues Defendants "played direct and indirect roles in obstructing justice by their actions that would knowingly prevent Plaintiff from reporting the criminal activities detailed in plaintiff's [pleadings]." *Id.* at 138. Plaintiff's allegations concerning Defendants' alleged criminal activities and their filing of a lawsuit against Plaintiff are too vague and conclusory to establish the existence of an enterprise or demonstrate a pattern of racketeering activity. Accordingly, Plaintiff's RICO claim should be dismissed.

        8.     State law claims

If the district judge agrees that Plaintiff's federal causes of action be dismissed, the undersigned recommends that the court decline to exercise jurisdiction over Plaintiff's state law causes of action. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction "if the district court has dismissed all claims over which it has original jurisdiction." *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though

not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *United States ex rel. Scott v. Metropolitan Health Corp.*, 375 F.Supp.2d 626, 647 (W.D.Mich. 2005) ("[T]he strong federal custom . . . has been to dismiss those claims in order to permit state courts to decide their own law, as is their prerogative."); *see also AJP Group, Inc. v. Holmes*, C/A No. 4:13-611-RBH, 2013 WL 3148416, at *2 (D.S.C. June 18, 2013) ("Given that Plaintiff's Complaint states no federal cause of action, the Court finds that the case should be remanded.").

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process. In light of this recommendation, the undersigned further recommends that Plaintiff's ex parte motion for a temporary restraining order, preliminary injunction, and permanent injunction [ECF No. 7] be denied.

IT IS SO RECOMMENDED.

June 18, 2015  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).