IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles Riley, | ) | C/A No.: 3:15-2331-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Fidelity Information Services ("FIS"), | ) | |
| FNF; Lender Processing Services, Inc. | ) | |
| ("LPS"); LPS Default Solutions Inc. | ) | |
| Docx; Fidelity Southern Corporations; | ) | |
| Carrington Mortgage Loan Trust/Series | ) | |
| 2007-HE1-Asset Backed Passed- | ) | REPORT AND RECOMMENDATION |
| Through Certificates/ Stanwich Asset | ) | |
| Acceptance Company, LLC; Deutsche | ) | |
| Bank National Trust Company; Fleming | ) | |
| & Whitt Default Law Firm; Nationwide | ) | |
| Insurance; Safeco Insurance Corporation | ) | |
| of America; Martha Fleming; Honorable | ) | |
| David R. Duncan; Joy S. Goodwin; | ) | |
| Ryan W. Hovis; Bruce Rose; Toyota | ) | |
| Motor Credit Corporations; and Eddye | ) | |
| Lane, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on Plaintiff's motion for a temporary restraining order, preliminary injunction, permanent injunction, and cease and desist ("TRO Motion"). [ECF No. 14]. Plaintiff's motion was referred to the undersigned by the Honorable Mary G. Lewis, United States District Judge, on July 9, 2015. [ECF No. 16].[1] Because the motion requests injunctive relief, it is dispositive, and this Report and

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). On June 18, 2015, the undersigned recommended Plaintiff's complaint be summarily dismissed

Recommendation is entered for the district judge's consideration.

I.    Factual and Procedural Background

Plaintiff alleges he filed bankruptcy on June 29, 2009, in the United States Bankruptcy Court for the District of South Carolina. [ECF No. 14 at 50]. Plaintiff claims defendant Toyota Motor Credit Corporation ("TMCC") violated the bankruptcy automatic stay and filed a false proof of claim. *Id.* Plaintiff states he will suffer irreparable harm if the court does not require TMCC to cease and desist from its "current course of conduct." *Id.* at 51. Plaintiff requests the court enjoin TMCC from seeking to repossess his vehicle. *Id.*

II.   Discussion

   A.    Standard of Review

A party seeking a preliminary injunction or temporary restraining order must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[2] A plaintiff must make a clear showing that he is likely to succeed on the

---

and that Plaintiff's ex parte motion for a temporary restraining order, preliminary injunction, and permanent injunction [ECF No. 7] be denied.

[2] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election*

merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 19–20; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47.[3] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

B.     Analysis

Plaintiff has not demonstrated a clear likelihood of success on the merits. Although Plaintiff's motion and attachments total 272 pages, the factual allegations in his motion are limited, vague, and conclusory. Additionally, he has not supported his allegations with any relevant evidentiary support, and instead attaches selected pages of defendants' bankruptcy filings and documents related to TMCC's issue of debt. *See* ECF Nos. 14-1–14-8. As more fully discussed in the undersigned's Report and Recommendation issued June 18, 2015, to the extent Plaintiff is attempting to appeal his 2010 and 2012 bankruptcy court judgments, his appeals are untimely. [ECF No. 11].

---

*Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–47, stating the facts and articulating the standard for the issuance of preliminary injunctions before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

[3] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder's* sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 20–22.

Plaintiff has not made a clear showing that immediate and irreparable injury, loss, or damage will result. Although Plaintiff claims he will suffer irreparable harm [ECF No. 14 at 2, 51], he again fails to submit any documentation in support of his position that TMCC is presently pursuing a claim against Plaintiff's vehicle [ECF No. 14-1]. Plaintiff's conclusory allegations are insufficient to warrant the extraordinary remedy of injunctive relief.

Further, Plaintiff fails to meet his burden of proving that the balance of equities tips in his favor. Plaintiff's allegations are vague and conclusory and not supported by any evidence, let alone evidence sufficient to show the balance of equities tips in his favor. Plaintiff also fails to show how his dispute with TMCC affects the public interest. As Plaintiff has not demonstrated a likelihood of success on the merits or that he is likely to suffer irreparable harm, and because the balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief, the undersigned recommends Plaintiff's motion for a TRO be denied.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the district court deny Plaintiff's TRO Motion. [ECF No. 14].

IT IS SO RECOMMENDED.

August 5, 2015                                          Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).